**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath, Cal. Bar No. 333800
700 El Camino Real, Suite 120, #1084
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
Counsel for **Plaintiff PHILLIP HOFF**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| PHILLIP HOFF,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SISKIYOU, an administrative body; ANDREA FOX, ex-HOA manager; and DOES 1-10, INCLUSIVE,<br><br>Defendants | Case No.: 23-276<br><br>**COMPLAINT FOR:**<br><br>1. **42 U.S.C. § 1983 (CONSTITUTIONAL RIGHTS VIOLATIONS);**<br>2. **NEGLIGENCE;**<br>3. **REGULATORY TAKING**<br><br>**DEMAND FOR JURY TRIAL** |

*TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:*

# INTRODUCTION

Comes now, Plaintiff Phillip Hoff, a disabled elder and senior citizen, who complains and alleges against the Defendants County of Siskiyou and its officer, Andrea DEFENDANT FOX, as stated below:

# THE PARTIES

1. Plaintiff PHILLIP HOFF ("PLAINTIFF PHILLIP") is, and was at all times relevant hereto, a resident of California.

2. Plaintiff PHILLIP is a 70-year-old plumber, and is disabled due to a traumatic brain injury. He has donated his life savings to a Buddhist temple. He works to sustain his daily expenditures even with the on-going harassment, threats, and stress from the actions, and omissions of DEFENDANTS in the matter, herein.

3. Defendant COUNTY OF SISKIYOU ("DEFENDANT-COUNTY") is a governmental body, organized under the laws of the State of California.

4. Defendant ANDREA FOX ("DEFENDANT FOX") is the current Compliance Officer for DEFENDANT-COUNTY OF SISKIYOU at all times relevant to this Complaint. Ms. FOX was prior the manager for the homeowner association, called KRCE, for which PHILLIP HOFF acted as a whistle-blower for KRCE's nefarious practices pertaining to meth growth and illegal activities on adjourning land.

5. Plaintiff sues each and all Defendants in both their individual and official capacities.

6. At all times material to this Complaint, Defendants acted under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California and the County of Siskiyou.

7. Plaintiff does not currently know the names of DOES 1-10, and, therefore, sues said defendants by such fictitious names. Plaintiff alleges that each DOE defendant is in some way liable and at fault for the occurrences alleged herein, and each DOE defendant is responsible for the damages incurred by Plaintiff. Plaintiff will amend this Complaint to allege the DOE defendants' true names and capacities when ascertained.

8. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned in this Complaint, Defendants and each of the DOE defendants were the agents, servants, partners, affiliates, employees, and/or joint-ventures of their co-defendants and in doing the things alleged in this Complaint, were acting in concert with each other.

## JURISDICTION & VENUE

9. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the United States, particularly under the Civil rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

10. This court has jurisdiction over this cause under the provisions of Title 28 of the United States Code, Sections 1331 and 1343.

11. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has suffered and continues to suffer damages in amounts to be proved at trial.

## FACTUAL ALLEGATIONS

12. PLAINTIFF PHILLIP is a resident of DEFENDANT-COUNTY of Siskiyou, and the owner of two Conex boxes. A "Conex box" is an intermodal container for shipping and storage. Generally an "intermodal container" is a standardized reusable steel box for the storage and movement of materials and products within a global containerized intermodal freight transport system.

13. PLAINTIFF PHILLIP has been seeking approval for two Conex containers on his property since 2021.

14. On or about November 29, 2021, PLAINTIFF PHILLIP received a phone-call concerning the Conex containers from DEFENDANT FOX, the Compliance Officer for DEFENDANT-COUNTY.

15. During the phone-call, DEFENDANT FOX screamed at PLAINTIFF PHILLIP, causing PLAINTIFF PHILLIP—a 70-year-old man with a disability—extreme emotional distress and anxiety.

16. DEFENDANT FOX had a previous history of invidious discrimination against PLAINTIFF PHILLIP, stemming from her time as Manager of the KRCE Homeowners Association in or around 2014.

17. During that time, DEFENDANT FOX and PLAINTIFF PHILLIP had repeatedly clashed over various issues, and DEFENDANT FOX plainly exhibited her own animus against PLAINTIFF PHILLIP.

18. DEFENDANT FOX's involvement with PLAINTIFF PHILLIP's attempt to obtain County approval for having his two Conex containers at his property was an obvious conflict of interest for DEFENDANT FOX, who should never have been allowed to participate in any matters relating to PLAINTIFF PHILLIP.

19. Subsequently, PLAINTIFF PHILLIP was issued a permit for his first Conex container.

20. On or about January 7, 2022, PLAINTIFF PHILLIP received another phone call from DEFENDANT-COUNTY, verbally issuing permit approval for PLAINTIFF PHILLIP's second Conex container.

21. However, thereafter, DEFENDANT FOX purportedly re-issued a citation for PLAINTIFF PHILLIP's second Conex container, as purportedly violation County regulations. DEFENDANT FOX's citation was in total contradiction to the verbal approval issued by DEFENDANT-COUNTY representative on or around January 7, 2022.

22. PLAINTIFF PHILLIP attempted to apply for a variance hardship application in order to obtain a permit for the second Conex container.

23. However, DEFENDANT-COUNTY refused to grant PLAINTIFF PHILLIP's variance hardship application unless PLAINTIFF PHILLIP first signed an indemnification agreement in favor of DEFENDANT-COUNTY.

24. Subsequently, in 2022, PLAINTIFF PHILLIP's second Conex container was taken by DEFENDANT-COUNTY and donated to a Buddhist temple, without PLAINTIFF PHILLIP's approval.

25. As a direct and proximate result of the actions and omissions of Defendants, PLAINTIFF PHILLIP has suffered damages of over $5.60 million.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 – CONSTITUTIONAL VIOLATIONS

26. Plaintiff incorporates by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

27. The Civil Rights Act of 1864, 42 U.S.C.A. section 1983, as amended ("Section 1983"), prohibits the denial, under color of state law, of the rights, privileges or immunities secured by the Constitution and Laws of the United States.

28. Defendants discriminated against PLAINTIFF PHILLIP on the basis of age and disability failing to issue him a permit for his second Conex container and failing to approve PLAINTIFF PHILLIP's application for a hardship variance.

29. As such, Defendants' failure to issue a permit for PLAINTIFF PHILLIP's second Conex contained and failed to approve PLAINTIFF PHILLIP's application for a hardship variance in violation of the Equal Protection Clause of the Fourteenth Amendment.

30. On information and belief, Defendants have a pattern and practice of refusing to issue hardship variances to individuals with disabilities and those similar in age to PLAINTIFF PHILLIP.

31. Defendants also violated PLAINTIFF PHILLIP's constitutional right to Due Process in first verbally approving his second Conex container, but thereafter, through the actions of DEFENDANTFOX, re-issuing citations to PLAINTIFF PHILLIP for purported violations associated with his second Conex container.

32. Defendants' actions and omissions have also violated the Takings Clause of the Fifth Amendment.

33. As a result of the unlawful acts of Defendants, Plaintiff has been damaged in amounts to be determined at trial.

34. Plaintiff seeks actual damages, attorney fees pursuant to 42 U.S.C. § 1988, and attorney fees as permitted by State law.

## SECOND CAUSE OF ACTION

## NEGLIGENCE

35. Plaintiff incorporates by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

36. Defendants owed a duty to Plaintiff to handle his permit application and his application for a hardship variance with care, including to prevent officials with conflicts-of-interest and pre-existing personal animus against Plaintiff—such as DEFENDANT FOX—from participating in decisions concerning Plaintiff's permit and variance applications.

37. Defendants breached this duty of care in allowing DEFENDANT FOX to participate in handling the proceedings between PLAINTIFF PHILLIP and DEFENDANT-COUNTY.

38. The danger of allowing a public official with conflicts of interest and preexisting personal animus against PLAINTIFF PHILLIP was reasonably foreseeable.

39. As a result of the unlawful and negligent acts of Defendants, Plaintiff has been damaged in amounts to be determined at trial.

## THIRD CAUSE OF ACTION

## REGULATORY TAKING

40. Plaintiff incorporates by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

41. PLAINTIFF PHILLIP had a property interest in the second Conex container. PLAINTIFF PHILLIP also had a property interest in the permit verbally granted to him by DEFENDANT-COUNTY. PLAINTIFF PHILLIP also had a property interest in the hardship variance application that he was qualified for.

42. The Supreme Court has repeatedly held that a regulatory taking occurs when a government action has "very nearly the same effect for constitutional purposes as appropriating or destroying [the properly as a whole]." *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 414–15 (1922); *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 484–85 (1987) (explaining that regulatory taking occurs when the government action "makes it impossible for petitioners to profitably engage in their business, or that there has been undue interference

with their investment-backed expectations").

43. Defendants have prohibited the use PLAINTIFF PHILLIP's Conex container, and the deprivation of the permit verbally granted to him, as well as the hardship variance application, in such a manner and to such an extent that this amounts to a taking within the meaning of the Fifth Amendment.

44. Defendants have not paid nor offered to pay any compensation for the taking of this property.

45. Plaintiff prays for relief in the form of actual damages, attorney fees pursuant to 42 U.S.C. § 1988, and attorneys' fees as permitted by State law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully seeks judgment against all Defendants as follows:

1. That Plaintiff be awarded $5.60 million in damages incurred;
2. That Plaintiff be awarded general, compensatory, expectancy, and incidental damages according to proof at the time of trial;
3. That Plaintiff be awarded actual and special damages according to proof at the time of trial;
4. That Plaintiff be awarded treble and punitive damages according to proof at the time of trial;
5. That Plaintiff be awarded pre- and post-judgment interest accrued to date herein;
6. That Plaintiff be awarded costs of suit incurred herein;
7. That Plaintiff be awarded their reasonable attorneys' fees incurred in this action;
8. That Plaintiff be awarded such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues so triable that are raised herein or that hereinafter may be raised in this action.

///

///

///

| | | |
|---|---|---|
| 1 | **DATED: MARCH 21, 2023** | **LAW OFFICE OF RESHMA KAMATH** |

*/s/ Reshma Kamath*

_____
Reshma Kamath,
Counsel for plaintiff, **PHILLIP HOFF**