UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PHILLIP HOFF,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SISKIYOU, an administrative body; ANDREA FOX, ex-HOA manager; and DOES 1-10, inclusive,<br><br>    Defendants. | No. 2:23-cv-00535 WBS JDP<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

        Phillip Hoff ("plaintiff") brought this action against the County of Siskiyou and Andrea Fox (collectively "defendants"), for violations of federal and state law related to plaintiff's inability to obtain a permit for a Conex container[1] on his property.  Although plaintiff has amended his complaint twice, the original Complaint (Docket No. 1) and First Amended

---

[1] A "Conex container" is a large cargo container.

1

1 Complaint (Docket No. 6) were voluntarily superseded by
2 plaintiff's Second Amended Complaint "SAC" (Docket No. 13) before
3 any responsive pleadings were filed.
4          Plaintiff asserts claims for violation of the
5 Fourteenth Amendment's due process clause (Claim 1); unlawful
6 search and seizure under the Fourth Amendment (Claim 2);
7 violation of the Fourteenth Amendment's equal protection clause
8 (Claim 3); disability discrimination under 42 U.S.C. § 12132
9 (Claim 4); financial elder abuse under California Welfare &
10 Institutions Code § 15610.30 (Claim 5); negligence (Claim 6); and
11 regulatory taking under the Fifth Amendment (Claim 7).
12          Before the court is defendants' motion to dismiss the
13 SAC. (Docket No. 14.)  The motion was set for hearing on
14 September 5, 2023.  Shannon Hewitt appeared for the defendants.
15 No appearance was made on behalf of plaintiff.  Although it was
16 made abundantly clear that the hearing was to be held in person,
17 when the clerk called plaintiff's counsel on the afternoon of the
18 hearing, plaintiff's attorney Reshma Kamath informed the clerk
19 that she thought the hearing was going to be held remotely.
20 Defendant's motion was taken under submission, and the court
21 decides it in this Order.
22          The day following the hearing, plaintiff's counsel
23 filed a pleading (Docket No. 19) suggesting that she elected not
24 to appear at the hearing because her arguments were adequately
25 set forth in her written opposition and criticizing the court for
26 the way the proceeding was handled.[2]

---

28     [2]    Counsel seems to attribute the language in the minutes to the court.  The minutes are the clerk's record of the

1  I.   Factual Allegations[3]

2        Plaintiff is 70 years old and is disabled due to a traumatic brain injury. (SAC ¶ 2.) Plaintiff has two Conex containers and four trailers on his vacant, undeveloped property in Siskiyou County. (Id. ¶¶ 17, 51.) In 2021, plaintiff began seeking a permit from the County for his two Conex containers. (Id. ¶ 17.) At some point, the County gave plaintiff approval for the permits over the phone for both Conex containers. (Id. ¶ 21.) Plaintiff was subsequently issued a permit for the first Conex container. (Id. ¶ 32.)

        On November 29, 2021, plaintiff and Defendant Fox[4] had a telephone conversation during which Fox informed plaintiff that he could not have the permit for his second Conex container. (Id. ¶ 23.) Despite Fox's representation, on or about January 7, 2022, the County gave plaintiff permit approval over the phone for his second Conex Container. (Id. ¶ 33.) However, plaintiff was never issued the permit for the second Conex container. (Id. ¶ 55.)

        Fox then issued a citation for the second Conex

---

proceedings, prepared by the clerk without input from the presiding judge.

    [3]   The court takes the allegations of the Second Amended Complaint as true.

    [4]   Defendant Fox is the current Compliance Officer for the County. (SAC ¶ 4.) She was previously the manager for the homeowner association, Klamath Country Estates Owners' Association, Inc. (the "Association"). (Id.) Plaintiff alleges that he "acted as a whistle-blower regarding [the Association's] nefarious practices pertaining to meth growth and illegal activities on adjourning land." (Id.) It is unclear to the court what "meth growth" refers to.

container as being in violation of county regulations.  (Id. ¶ 34.)  However, plaintiff did not receive any notices of the citation until months later when defendants emailed the notices.  (Id. ¶ 36.)

In order to obtain a permit for the second Conex container, plaintiff applied for a variance hardship application.  (Id. ¶ 40.)  He made timely payments in excess of $700, retained a surveyor, and obtained approvals from all necessary parties.[5]  (Id. ¶ 40.)  The County refused to grant plaintiff's hardship variance application unless plaintiff first signed an indemnification agreement.[6]  (Id. ¶ 41.)

On September 21, 2022, the administrative citation appeals hearing was held regarding the citation plaintiff had received on his second Conex container.  (Id. ¶ 42.)  At the hearing, defendants stated that plaintiff was required to put up privacy screening on his fences, which plaintiff had already done.  (Id. ¶ 43.)  The County still refused to vacate the citation for plaintiff's second Conex container.  (Id. ¶ 44.)

Because plaintiff was unable to obtain a permit for the second Conex container, he had to move the container by crane to a different storage yard.  (Id. ¶ 57.)  Plaintiff alleges that he

---

[5] Plaintiff does not explain who he made these payments to or what regulation required these payments, a surveyor, or approval from various parties.

[6] Plaintiff does not explain why the County required plaintiff to first sign an indemnification agreement or whether signing an indemnification agreement was a standard condition in order to obtain a variance hardship application.

has suffered damages in excess of $5.6 million.[7] (Id. ¶ 58.)

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when the plaintiff's complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The inquiry before the court is whether, accepting the factual allegations in the complaint as true and drawing all reasonable inferences in the non-moving party's favor, the complaint has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Courts are not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see Bell Atl. Corp., 550 U.S. at 555. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## III. Discussion

### A. Due Process (Claim 1)

The Due Process Clause of the Fourteenth Amendment states: "No State shall . . . deprive any person of life,

---

[7] Plaintiff does not explain how he calculated $5.6 million in damages.

5

liberty, or property, without due process of law." U.S. Const. amend XIV, § 1.  To succeed on a either a procedural or substantive due process claim, a plaintiff "must first demonstrate that he was deprived of a constitutionally protected property interest." Gerhart v. Lake Cnty., Mont., 637 F.3d 1013, 1019 (9th Cir. 2011).  "In some instances, a person can have a constitutionally protected property interest in a government benefit, such as a license or permit." Id. (citing Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972)).  "[A]n entitlement to a government permit exists when state law or regulation requires that the permit be issued once certain requirements are satisfied." Id. at 1020.

Here, plaintiff contends that he has a protected property interest in a permit for his second Conex container. However, plaintiff alleges no facts to support his contention. Plaintiff does not allege any statutory language, let alone cite any applicable regulation, which would "significantly constrain [the County's] discretion to issue the permit[] . . . ." See Shanks v. Dressel, 540 F.3d 1082, 1091 (9th Cir. 2008); cf. Kerley Indus., Inc. v. Pima Cnty., 785 F.2d 1444, 1146 (9th Cir. 1986) (finding state law entitled plaintiff to a permit where the state law "provide[d] for the issuance of conditional permits . . . [and] contain[ed] detailed provisions for their suspension and revocation").

Further, plaintiff does not allege facts sufficient to show that his permit was revoked. See FlightCar, Inc. v. City of Millbrae, No. C 13-5802, 2014 WL 2753879, at *4 (N.D. Cal. June 14, 2014) ("a municipality's power to revoke" an issued permit

1  "is limited") (citing Korean Am Legal Advocacy Found. v. City of
2  L.A., 23 Cal. App. 4th 376, 393 n.5 (2nd Dist. 1994); Kerley
3  Indus., 785 F.2d at 1146). Moreover, the fact that plaintiff
4  received a permit for his first Conex container does not entitle
5  him to a permit for the second container. See Gerhart, 637 F.3d
6  at 1021 ("[A] government body's past practice of granting a
7  government benefit is insufficient to establish a legal
8  entitlement to the benefit.").

9  Because plaintiff has not shown that he was "deprived
10 of a constitutionally protected property interest," id. at 1019,
11 he cannot sustain either a procedural or substantive due process
12 claim.[8] Accordingly, the court will grant defendants' motion to
13 dismiss Claim 1.

14     B.   Fourth Amendment (Claim 2)

15     The Fourth Amendment protects "[t]he right of the
16 people to be secure in their persons, houses, papers, and
17 effects, against unreasonable searches and seizures . . . ."
18 U.S. Const. amend IV. "A seizure is a 'meaningful interference
19 with an individual's possessory interest in his property.'"
20 Brewster v. Beck, 859 F.3d 1194, 1196 (9th Cir. 2017) (quoting
21 Soldal v. Cook Cnty., 506 U.S. 56, 61 (1992)).

22     Here, plaintiff alleges facts showing numerous
23 interferences with his property including trespass, stolen solar
24 panels and batteries, broken windows, cut locks, and stolen video
25 cameras. (SAC ¶¶ 37, 46.) However, the only allegation in the

---

[8] It is unclear from the Second Amended Complaint whether plaintiff is asserting a procedural or substantive due process claim or both.

1  Second Amended Complaint which would suggest that the County
2  interfered with plaintiff's property is a comment from
3  plaintiff's neighbor stating that the County "cut your gate
4  because you keep calling them about other people and they are
5  calling them about you." (Id. ¶ 47.)  This sole allegation does
6  not plausibly suggest that defendants were responsible for the
7  interference to plaintiff's property.  See Ashcroft, 556 U.S. at
8  678 ("A claim has facial plausibility when the plaintiff pleads
9  factual content that allows the court to draw the reasonable
10 inference that the defendant is liable for the misconduct
11 alleged.").  Further, plaintiff has alleged no facts which
12 connect defendants to the interferences of trespass, theft, or
13 vandalism.
14       Because plaintiff has not alleged facts sufficient to
15 show that it was defendants who interfered with his property, he
16 cannot state a Fourth Amendment unreasonable seizure claim
17 against defendants.  Accordingly, the court must grant
18 defendants' motion to dismiss Claim 2.
19     C.   Equal Protection (Claim 3)
20       The Equal Protection Clause guarantees, "No state shall
21 . . . deny to any person within its jurisdiction the equal
22 protection of the laws."  U.S. Const. amend XIV, § 1.  "'[A]n
23 equal protection claim can in some circumstances be sustained
24 even if the plaintiff has not alleged class-based discrimination,
25 but instead claims that she has been irrationally singled out as
26 a so-called "class of one."'"  Gerhart, 637 F.3d at 1021 (quoting
27 Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601 (2008))
28 (additional citation omitted).

To succeed on a "class of one" claim, plaintiff must demonstrate that defendants: "(1) intentionally (2) treated [plaintiff] differently than other similarly situated property owners, (3) without a rational basis." Id. at 1022. A plaintiff "must [also] demonstrate that the level of similarity between plaintiff and the persons with whom they compare themselves is extremely high." Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist., 935 F. Supp. 2d 968, 983 (E.D. Cal. 2013) (Mueller, J.) (quotations and citations omitted); see Warkentine v. Soria, 152 F. Supp. 3d 1269, 1294 (E.D. Cal. 2016) (Seng, J.) (same).

"[T]o 'be considered similarly situated, the class of one challenger and his comparators must be prima facie identical in all relevant respects or directly comparable in all material respects.'" Warkentine, 152 F. Supp. 3d at 1294 (quoting United States v. Moore, 543 F.3d 891, 896 (7th Cir. 2008)). "Strict 'enforcement of the similarly-situated requirements is a vital way of minimizing the risk that, unless carefully circumscribed, the concept of a class-of-one equal protection claim could effectively provide a federal cause of action for review of almost every executive and administrative decision' made by state actors." Id. (quoting JDC Mgmt., LLC v. Reich, 644 F. Supp. 2d 905, 927 (W.D. Mich. 2009)); Garden City, Inc. v. San Jose, No. 13-cv-0577, 2013 WL 4766748, at *4 (N.D. Cal. Sept. 5, 2013) (same).

Here, plaintiff alleges that nearby residents have not been issued citations despite their properties being "crowded with trailers and motor homes in violation of other County ordinances and/or regulations." (SAC ¶ 29.) Plaintiff further

1   alleges that he has been "unfairly and unlawfully" targeted by
2   defendants.  (Id. ¶ 88.)  While these allegations tend to show
3   that plaintiff was treated differently, plaintiff has failed to
4   allege facts sufficient to show that he and the nearby residents
5   are "identical" or "directly comparable in all material
6   respects."  Warkentine, 152 F. Supp. 3d at 1294.  For example,
7   plaintiff has not alleged that the neighboring properties "were
8   violating the [county] code in a manner substantially similar to
9   plaintiff's own cited violations."  See Grant v. Corral, No.
10  2:19-cv-01495 MCE CKD, 2021 WL 826203, at *8 (E.D. Cal. Mar. 4,
11  2021) (finding plaintiff failed to show the necessary "degree of
12  similarity between his property conditions and his neighbors");
13  see also Scocca v. Smith, 912 F. Supp. 2d 875, 5 (N.D. Cal. 2012)
14  ("[C]ursory allegations on being similarly situated are
15  especially problematic where, e.g., 'inherently subjective and
16  individualized enforcement of health and safety regulations' are
17  at issue").  Moreover, plaintiff did not allege how many of the
18  neighboring properties have not been cited for the same
19  violation, nor do he even reference the county code under which
20  he was allegedly cited.

21          Merely alleging that plaintiff is treated differently
22  from nearby residents is too vague to sustain a "class of one"
23  equal protection claim.  See Warkentine, 152 F. Supp. 3d at 1295
24  ("While there may be some similarities . . . , including
25  proximity of real property and accumulation of similar items on
26  the properties, this does not amount to 'an extremely high degree
27  of similarity' necessary for this claim.").  Plaintiff has
28  therefore failed to allege facts sufficient to state an equal

10

protection claim.[9] Accordingly, the court will grant defendants' motion to dismiss Claim 3.

### D. Disability Discrimination (Claim 4)

42 U.S.C. § 12132 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). Here, plaintiff's only allegation in support of his disability discrimination claim is that Fox "harbored a discriminatory animus against [plaintiff] due to his disability."[10] (SAC ¶ 27.) However, a "mere conclusory statement[]", without more, is insufficient to state a claim. See Ashcroft, 556 U.S. at 678. Because plaintiff has not alleged any facts showing he was discriminated against on the basis of his disability, the court must grant defendants' motion to dismiss Claim 4.

### E. Regulatory Taking (Claim 7)

The Takings Clause of the Fifth Amendment provides: "[N]or shall private property be taken for public use, without

---

[9] Plaintiff also attempts to advance his equal protection claim on the basis of disability and age. (See SAC ¶ 87.) However, plaintiff alleges no facts to support this position. Plaintiff's sole allegation that "[d]efendants have a pattern and practice of refusing to issue hardship variances to individuals with disabilities and those similar in age to [plaintiff]" (id.), is conclusory and therefore insufficient to state a claim. See Sprewell, 266 F.3d at 988 (court need not "accept as true allegations that are merely conclusory").

[10] Plaintiff alleges he is disabled due to a traumatic brain injury. (SAC ¶ 2.) The Second Amended Complaint provides no other factual allegations regarding his disability.

11

just compensation." U.S. Const. amend V.  "When the government physically acquires private property for a public use, the Takings Clause imposes a clear and categorical obligation to provide the owner with just compensation." Cedar Point Nursery v. Hassid, 141 S. Ct. 2063, 2071 (2021).  A taking also occurs where the government "imposes regulations that restrict an owner's ability to use his own property." Id.  However, "the mere assertion of regulatory jurisdiction by a governmental body does not constitute a regulatory taking." United States v. Riverside Bayview Homes, Inc., 474 U.S. 121, 126 (1985).

Here, plaintiff's regulatory taking claim is entirely premised on his inability to obtain a permit for his second Conex container.  However, such allegations are insufficient to state a regulatory taking claim because "neither the imposition of the permit requirement itself nor the denial of a permit necessarily constitutes a taking . . . ." Id. at 127.  Accordingly, the court must grant defendants' motion to dismiss Claim 7.[11]

F.  State Law Claims (Claims 5 and 6)

Although defendants raised the argument that the state law claims were barred by Government Claims Act, plaintiff did not address that argument in his Opposition.  For the following

---

[11] Section 1983 provides a remedy for violations of constitutional rights by persons acting under the color of state law.  42 U.S.C. § 1983.  Because plaintiff has not alleged facts sufficient to support any of his federal claims, the court declines to address the parties' arguments regarding Monell liability and qualified immunity.  See Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994) (municipal liability "is contingent on a violation of constitutional rights"); Pearson v. Callahan, 555 U.S. 223, 231 (2009) ("[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established . . . constitutional rights'") (citation omitted).

reasons, defendants' argument appears to have merit.  Under the Government Claims Act, California "state law tort claims against both individual and public entity defendants are barred unless" a plaintiff presents them to defendants before filing a lawsuit. Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); see Cal. Gov. Code §§ 905, 945.4, 950.2.  "'The claim filing requirement of the Government Claims Act serves several purposes: (1) to provide the public entity with sufficient information to allow it to make a thorough investigation of the matter; (2) to facilitate settlement of meritorious claims; (3) to enable the public entity to engage in fiscal planning; and (4) to avoid similar liability in the future.'" Garber v. City of Clovis, 698 F. Supp. 2d 1204, 1215 (E.D. Cal. 2010) (Ishii, J.) (quoting Page v. MiraCosta Cmty. College Dist., 180 Cal. App. 4th 471, 493 (2009)) (additional citation omitted).

        Here, plaintiff makes no suggestion that he presented his state law claims for negligence and financial elder abuse, Cal. Wel. & Inst. Code § 15610.30, before filing the present lawsuit.  Accordingly, because plaintiff's state law claims are therefore barred by Cal. Gov. Code §§ 905, 945.4, and 950.2, the court must grant defendants' motion to dismiss Claims 5 and 6. If plaintiff has facts to establish that he did file an appropriate government claim on his state law causes of action or that the filing of such claim was somehow not required, he should allege those facts in his Third Amended Complaint.

        IT IS THEREFORE ORDERED that defendants' motion to dismiss (Docket No. 14) be, and the same hereby is, granted. Plaintiff has twenty days from the date of this Order to file an

amended complaint, if he can do so consistent with this Order.

Dated: September 6, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

14